Filed 5/17/22  Padilla v. Limitless Trading Co., LLC CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| CHAD A. PADILLA,<br><br>        Plaintiff and Appellant,<br><br>        v.<br><br>LIMITLESS TRADING CO., LLC et al.,<br><br>        Defendants and Respondents. | B307560<br><br>(Los Angeles County Super. Ct. No. 19STCV44537) |

        APPEAL from a judgment and orders of the Superior Court of Los Angeles County, Patricia D. Nieto, Judge.  Reversed and remanded.

        Chad Padilla, in pro. per., for Plaintiff and Appellant.

        Taylor English Duma and William B. DeClercq for Defendants and Respondents.

————————————————

Chad Padilla, representing himself, sued Limitless Trading Co., LLC (Limitless), Aleem Wadhwania, Shabir Samiar, William DeClercq and DeClercq Law Group (DLG) for defamation, alleging they had falsely accused him of the unauthorized practice of law and extortion beginning in November 2019, including in a lawsuit filed December 9, 2019. Limitless, Wadhwania, DeClercq and DLG (collectively Limitless parties), but not Samiar, filed a special motion to strike the complaint pursuant to Code of Civil Procedure section 425.16.[1] The trial court granted the motion, ruling Padilla's complaint arose from protected activity (the allegedly defamatory lawsuit); Padilla failed to present evidence making a prima facie showing sufficient to sustain a favorable judgment; and, in any event, Padilla's defamation claim was barred by the absolute litigation privilege (Civ. Code, § 47, subd. (b)). The court subsequently dismissed Samiar based on Padilla's failure to timely serve the complaint; dismissed the entire action; and awarded Limitless and Wadhwania $22,500 in attorney fees.

We reverse the judgment; the order granting the section 425.16 motion to the extent it included allegations that the Limitless parties had defamed Padilla prior to filing their lawsuit (actually, a cross-complaint), conduct that is not protected speech or petitioning activity within the meaning of the statute; and the order dismissing Samiar. We also reverse the order awarding attorney fees and remand with directions for the trial court to reconsider the appropriate award in light of our partial reversal of its order granting the special motion to strike.

---

[1] Statutory references are to this code unless otherwise stated.

**FACTUAL AND PROCEDURAL BACKGROUND**

1. *Limitless's Cross-complaint in the* Lopez *Action and Padilla's Defamation Lawsuit*

Juan Lopez, a former employee of Limitless, representing himself, sued Limitless, "Shabir Doe" and numerous Doe defendants on September 20, 2019, alleging causes of action for disability discrimination, harassment and retaliation in violation of California's Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.); wrongful termination in violation of public policy; and intentional infliction of emotional distress.[2]

On December 9, 2019 Limitless, represented by DeClercq, filed a cross-complaint against Lopez, Padilla and a third individual, Javier De la Rosa,[3] for civil extortion and against Padilla for engaging in the unauthorized practice of law in violation of Business and Professions Code section 6126, constituting an unlawful business practice in violation of Business and Professions Code section 17200 et seq. The cross-

---

[2] We grant the Limitless parties' request for judicial notice of the complaint in *Lopez v. Limitless Trading Co., LLC* (Super. Ct. L.A. County, 2019, No. 19STCV33425) and Limitless's cross-complaint in that action, as well as the complaint in *De la Rosa v. Limitless Trading Co., LLC* (Super. Ct. L.A. County, 2019, No. 19STCV43972). We deny as irrelevant the remaining portions of their request for judicial notice.

[3] The cross-complaint alleged De la Rosa had threatened to file a lawsuit against Limitless unless Limitless met a settlement demand. On December 9, 2019 De la Rosa filed a complaint against Limitless alleging causes of action for sexual orientation discrimination, harassment and retaliation in violation of FEHA; wrongful discharge in violation of public policy; and intentional infliction of emotional distress.

complaint alleged, in part, that Padilla, who is not an attorney, was in the business of assisting self-represented litigants; Lopez and De la Rosa were Padilla's clients; and Padilla's actions, which included meeting and conferring regarding a contemplated demurrer and discovery responses, constituted the unauthorized practice of law. It further alleged that Lopez or Padilla purporting to be Lopez had threatened to increase fees and costs in Lopez's lawsuit against Limitless unless Limitless paid a settlement to Lopez, Padilla and De la Rosa; that Lopez and Padilla solicited and received from De la Rosa a false declaration that Limitless personnel had engaged in acts of violence against Lopez; and that Lopez and Padilla had "repeatedly threatened Cross-Complainant with acts of violence, meritless litigation, and improper actions that would be for the sole purpose of increasing attorney's fees and costs of defense."

On December 12, 2019—three days after Limitless filed its cross-complaint in the *Lopez* action—Padilla, representing himself, filed the complaint for defamation at issue in this appeal, naming as defendants Limitless, Wadhwania, Samiar, DeClercq and DLG.[4] Padilla's complaint described Limitless as

---

[4] On February 20, 2020, four weeks after the Limitless parties filed their special motion to strike and before filing his opposition memorandum, Padilla filed a first amended complaint for defamation, alleging that, beginning in January 2020, the Limitless parties and Samiar made defamatory comments about Padilla "to law firms and others in the Los Angeles area." The amended complaint, which omitted any reference to Limitless's cross-complaint in the *Lopez* action, is not an issue in this appeal. (Cf. former § 472, subd. (b) (Stats. 2017, ch. 273, § 3), in effect until January 1, 2021, providing that the right to file an amended pleading once without leave of court before the date for filing an

"a dispensary, including Cali Kulture on Wall St."; Wadhwania (misnamed "Wadhwani") as the owner of Limitless; Samiar as the general manager of Limitless; and DeClercq as the owner of DLG.

Paragraph 10 of the complaint, under the heading Factual Allegations, alleges, "In November 2019, Defendants . . . viciously began making meritless and false allegations against Padilla. The false allegations include, but are not limited to, the unauthorized practice of law, making verbal threats, threatening acts [of] violence against them, attempting to extort money from them."[5]  The identical language is repeated as paragraph 28 under the heading for the defamation cause of action.

Paragraph 11 alleges, "These false allegations involving Padilla were put [in] writing by Defendants by filing an action against Padilla.  These false allegations were very detrimental to Padilla's life because it portrays Padilla as a scam artist and fraud who threatens verbal and physical violence if he doesn't get what he wants."  The identical language was repeated as paragraph 29.

After alleging that he had explained to the defendants he was not engaging in the unauthorized practice of law, Padilla alleged in paragraphs 13 and 31, "[I]nstead of accepting that Defendants were making false and baseless accusations, Defendants not only repeated these false accusations to others but put it in writing.  On December 9, 2019, Defendants filed an action against Padilla accusing him of all of these wrongdoings."  Padilla alleged the statements made concerning him were "false

opposition to a demurrer or motion to strike "shall not apply to a special motion brought pursuant to Section 425.16.")

[5]      Unnecessary capital letters are omitted when quoting from Padilla's complaint.

and slander" and constituted "slander on their face" because they accused him of a crime and "expose[d] him to hatred, contempt, ridicule, and obloquy."

### 2. *The Limitless Parties' Special Motion To Strike*

On January 27, 2020 the Limitless parties moved pursuant to section 425.16 to strike Padilla's complaint, arguing the cause of action for defamation arose out of the cross-complaint filed by Limitless in the *Lopez* action, protected speech and petitioning activity, and Padilla could not carry his burden of demonstrating a probability of prevailing on the claim because he had not alleged, and could not prove, any damages or that he was not, in fact, engaged in the unauthorized practice of law. The Limitless parties also argued the statements made in the cross-complaint were protected by Civil Code section 47, subdivision (b)'s absolute litigation privilege.

The Limitless parties included as exhibits to their motion Padilla's deposition, taken in December 2019, as well as copies of email exchanges between Padilla and DeClercq regarding the *Lopez* lawsuit. Asked at his deposition whether Limitless made defamatory statements about him in any publication other than the cross-complaint, Padilla answered, "Not to my knowledge, but I wouldn't be surprised if they did." Asked whether, to his knowledge, Limitless had spoken to anyone, he answered, "To you [DeClercq] for sure, and they probably spoke to other—other friends of theirs. Probably. . . . To my knowledge? No, my best guess."

In his opposition to the motion Padilla insisted his complaint was not based on the cross-complaint in the *Lopez* action. Rather, as he alleged, the Limitless parties and Samiar had "orally defamed" him in statements accusing him of the

unauthorized practice of law and civil extortion that were made prior to the filing of the cross-complaint. Accordingly, he argued, the Limitless parties had failed to establish his complaint arose from protected speech or petitioning activity or their statements were protected by the litigation privilege. Padilla presented no evidence to support the merits of his defamation claim.

In their reply memorandum, addressing Padilla's argument his complaint was predicated on oral statements to unnamed third parties, the Limitless parties pointed out that the complaint "does not allege what the purportedly defamatory communications were, who communicated, to whom, when, why the alleged communications were false, or how Plaintiff was harmed by those communications." In addition, because the complaint alleged "these false allegations were put in writing" in the *Lopez* cross-complaint, the Limitless parties argued the oral statements "were made, if ever, to 'achieve the objects of the litigation.'"

The trial court granted the Limitless parties' motion after hearing oral argument on August 5, 2020. While acknowledging in its order that "there may be some generic allegations of defamation outside the defamatory complaint," the court rejected Padilla's argument his lawsuit was based on oral statements made in November 2019 prior to the filing of the cross-complaint, finding that "[t]he only factual allegations in the Complaint pertain to the defamatory lawsuit" and "[t]hus, Moving Defendants have identified a protected activity that forms the basis for relief of the sole cause of action for defamation." Elaborating, the court stated, "Certainly, the allegations concerning the complaint and the statements therein are the only factual allegations regarding defamatory statements. They are

7

not 'incidental' or 'contextual' to the cause of action. [Citation.] They appear to be the only substantive basis of the Complaint and the principal claim at issue. [Citation [to a 2017 Second District case "endorsing the principal thrust/gravamen analysis"].] These allegations form the basis of recovery for defamation."

Turning to the second step of the required analysis, the court noted Padilla had provided no evidence to support the merits of his claim, thereby failing to make the necessary prima facie showing. In addition, the court ruled, the litigation privilege barred the defamation claim as to any allegations concerning the defamatory cross-complaint.

The court ordered attorney fees, requested by the Limitless parties in their motion, to be determined pursuant to a separately filed noticed motion.

3. *Dismissal of Samiar for Failure To Timely Serve the Complaint*

At the case management conference held the same day as the hearing on the Limitless parties' special motion to strike, after inquiring as to the status of service on Samiar, the court ordered Yazan Naal, the individual who had purportedly served the summons and complaint on behalf of Padilla, and defendants' counsel DeClercq to submit declarations regarding service. The court continued the case management conference to September 3, 2020.

Naal, who is not a registered process server, filed a declaration explaining he had served the summons and complaint for each defendant named in Padilla's lawsuit on December 12, 2019 "upon counsel of record for Defendants, William DeClercq," at DeClercq's business address. Naal declared he asked the

receptionist at the office if he could see DeClercq to give him copies of the lawsuit. After speaking by telephone to DeClercq, the receptionist told Naal that DeClercq said he could leave all documents with the receptionist, which Naal did. Naal added that at no time did DeClercq try to contact Naal to say he was not the correct agent for service for any of the defendants. Naal attached as an exhibit the proof of service of summons on "William DeClerq [*sic*] on behalf of Shabir Samiar."

In his declaration DeClercq stated he had agreed via email exchange on December 10 and 11, 2019 to accept service of Padilla's complaint on behalf of Limitless and himself (but not electronically) and attached a copy of the summons left at the reception desk at his offices, which identified the defendants as Limitless, DeClercq and Does 1-100. DeClercq also declared the receptionist was not authorized to accept service of process. A declaration from Wadhwania stated Limitless had no employee named Shabir Samiar.

In a memorandum of points and authorities filed with the DeClercq and Wadhwania declarations, counsel quoted California Rules of Court, rule 3.110(b),[6] which provides a complaint must be served on all named defendants and proofs of service on those defendants filed with the court within 60 days after filing of the complaint. Counsel argued the court should dismiss the complaint as to Samiar because Padilla had failed to timely effect service and because no such person was employed by Limitless. Counsel also argued, "Plaintiff has failed to show why there would be any different result [on a special motion to strike] as to

---

[6] References to rule or rules are to the California Rules of Court.

9

the unserved defendant, and accordingly, there can be no prejudice from an order of dismissal."

At the case management conference on September 3, 2020, after noting it had reviewed the declarations regarding service on Samiar, the court ordered the entire action dismissed with prejudice.

4. *The Motion for Attorney Fees*

On September 18, 2020 the Limitless parties moved for $21,000 in attorney fees (42 hours at $500/hour) and $75.15 in costs for having successfully moved to strike Padilla's complaint pursuant to section 425.16. Padilla opposed the motion, arguing there was inadequate evidentiary support for the fees requested and DeClercq and DLG, as self-represented attorneys, were not entitled to fees. In a reply memorandum counsel asserted the fees requested were incurred by Limitless and Wadhwania and did not include fees attributable to the defense of DeClercq or DLG, his professional corporation. DeClercq and DLG withdrew their joinder in the motion. In a supplemental declaration DeClercq stated Limitless was not billed for any work that benefitted DeClercq. In a further supplemental declaration, filed after the original hearing on the fees motion had been continued, counsel requested an additional $1,500 in fees for work in connection with the request for fees.

On November 3, 2020 the court granted Limitless and Wadhwania's motion, awarding $22,575.15 in fees and costs.

Padilla filed a timely notice of appeal from the order dismissing his lawsuit and a second timely notice of appeal from the subsequently entered judgment, which included the award of attorney fees. We consolidated the two appeals.

10

# DISCUSSION

1. *The Special Motion To Strike:  Governing Law and Standard of Review*

Section 425.16, commonly known as the anti-SLAPP statute, makes available a special motion to strike certain meritless claims early in the litigation:  "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."  (§ 425.16, subd. (b)(1); see *Rand Resources, LLC. v. City of Carson* (2019) 6 Cal.5th 610, 619-620 ["[a] court may strike a cause of action only if the cause of action (1) arises from an act in furtherance of the right of petition or free speech 'in connection with a public issue,' and (2) the plaintiff has not established 'a probability' of prevailing on the claim"].)

Pursuant to section 425.16, subdivision (e), an "'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes:  (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law."

In ruling on a special motion to strike under section 425.16, the trial court engages in a now-familiar two-step process.  "First,

11

the defendant must establish that the challenged claim arises from activity protected by section 425.16. [Citation.] If the defendant makes the required showing, the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success." (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 384 (*Baral*); accord*, Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1009 (*Bonni*); *Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1061 (*Park*).) To make its determination the court must consider the parties' pleadings and affidavits or declarations describing the facts on which liability or defenses are predicated. (§ 425.16, subd. (b)(2).)

As to the first step of the analysis, "[a] claim arises from protected activity when that activity underlies or forms the basis for the claim." (*Park, supra,* 2 Cal.5th at pp. 1062-1063.) Thus, "[t]he defendant's first-step burden is to identify the activity each challenged claim rests on and demonstrate that that activity is protected by the anti-SLAPP statute. A 'claim may be struck only if the speech or petitioning activity *itself* is the wrong complained of, and not just evidence of liability or a step leading to some different act for which liability is asserted.'" (*Wilson v. Cable News Network, Inc.* (2019) 7 Cal.5th 871, 884 (*Wilson*); see *Bonni, supra*, 11 Cal.5th at p. 1009 ["[t]he defendant's burden is to identify what acts each challenged claim rests on and to show how those acts are protected under a statutorily defined category of protected activity"]; *Park*, at p. 1060.)

A motion pursuant to section 425.16 need not challenge an entire cause of action as pleaded in the complaint. (*Bonni, supra*, 11 Cal.5th at p. 1010; *Baral, supra*, 1 Cal.5th at p. 382.) Rather, "courts should analyze each claim for relief—each act or set of acts supplying a basis for relief, of which there may be several in

a single pleaded cause of action—to determine whether the acts are protected and, if so, whether the claim they give rise to has the requisite degree of merit to survive the motion." (*Bonni*, at p. 1010; accord, *Baral*, at p. 395.)

"As to the second step inquiry, a plaintiff seeking to demonstrate the merit of the claim 'may not rely solely on its complaint, even if verified; instead, its proof must be made upon competent admissible evidence.'" (*Sweetwater Union High School Dist. v. Gilbane Building Co.* (2019) 6 Cal.5th 931, 940;[7] accord, *Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 788.) "'We have described this second step as a "summary-judgment-like procedure." [Citation.] The court does not weigh evidence or resolve conflicting factual claims. Its inquiry is limited to whether the plaintiff has stated a legally sufficient claim and made a prima facie factual showing sufficient to sustain a favorable judgment. It accepts the plaintiff's evidence as true, and evaluates the defendant's showing only to determine if it defeats the plaintiff's claim as a matter of law.'" (*Monster Energy*, at p. 788; see *Taus v. Loftus* (2007) 40 Cal.4th 683, 714.)

We review de novo an order granting or denying a special motion to strike under section 425.16. (*Wilson, supra*, 7 Cal.5th at p. 884; *Park, supra*, 2 Cal.5th at p. 1067.)

---

[7] Although the Supreme Court in *Sweetwater Union High School Dist. v. Gilbane Building Co., supra*, 6 Cal.5th 931 referred generally to "competent admissible evidence," the Court held evidence that is potentially admissible at trial, but not presented in admissible form, could be considered in determining whether the plaintiff had demonstrated a probability of success on the merits. (*Id.* at p. 949.)

2. *The Trial Court Erred in Granting the Special Motion To Strike in Its Entirety Rather Than Striking Only Those Allegations of Protected Activity Serving as a Basis for Relief*

"Defamation constitutes an injury to reputation; the injury may occur by means of libel or slander.  [Citation.]  In general, . . . a written communication that is false, that is not protected by any privilege, and that exposes a person to contempt or ridicule or certain other reputational injuries, constitutes libel.  [Citations.]  A false and unprivileged *oral* communication attributing to a person specific misdeeds or certain unfavorable characteristics or qualities, or uttering certain other derogatory statements regarding a person, constitutes slander.  [Citations.] . . .  [¶]  One of the elements of the tort of defamation is 'publication.'  In general, each time the defamatory statement is communicated to a third person who understands its defamatory meaning as applied to the plaintiff, the statement is said to have been 'published,' although a written dissemination, as suggested by the common meaning of that term, is not required.  Each publication ordinarily gives rise to a new cause of action for defamation."  (*Shively v. Bozanich* (2003) 31 Cal.4th 1230, 1242.)  "The rule that each publication of a defamatory statement gives rise to a new cause of action for defamation applies when the original defamer repeats or recirculates his or her original remarks to a new audience."  (*Id.* at p. 1243.)

Although Padilla purported to plead a single cause of action for defamation, as the Supreme Court observed in *Bonni*, *supra*, 11 Cal.5th at page 1010 and *Baral*, *supra*, 1 Cal.5th at page 382, there may be more than one act or set of acts supplying a basis for relief in a single pleaded cause of action; and it is the responsibility of a court considering the first step of a special

14

motion to strike to analyze each claim for relief to determine whether those acts are protected speech or petitioning activity.

Padilla's protestation to the contrary notwithstanding, his complaint for defamation rests in substantial part on the allegation that Limitless published in its cross-complaint in the *Lopez* action false statements that he had participated in a scheme of civil extortion and engaged in the unauthorized practice of law (a claim for libel). As discussed, paragraphs 11 and 29 alleged the defendants put their false charges portraying Padilla as a violent scam artist in writing "by filing an action against Padilla"—allegations he averred were "very detrimental to [his] life." Paragraphs 14 and 32, in identical language, alleged, "Even worse for Padilla, Defendants put in writing in their complaint, which is public record for anyone to see, that Padilla is a violent person who verbally and physically threatens others. Defendants put this in writing even though they knew these were false allegation[s] for the sole purpose of damaging Padilla's reputation in the legal world."

Section 425.16, subdivision (e)(1), identifies as protected petitioning activity "any written or oral statement or writing made before a . . . judicial proceeding," which unquestionably includes statements made in a pleading. (See *ValueRock TN Properties, LLC v. PK II Larwin Square SC LP* (2019) 36 Cal.App.5th 1037, 1046 [section 425.16 protection for petitioning activities "includes the filing of lawsuits, and statements and pleadings made in or in preparation for civil litigation"]; *Kenne v. Stennis* (2014) 230 Cal.App.4th 953, 965 ["pleadings in connection with civil litigation are covered by the anti-SLAPP statute"]; see also *Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1115 [""[t]he constitutional

15

right to petition . . . includes the basic act of filing litigation"""].) To the extent the allegations in Limitless's cross-complaint supply a basis for relief, therefore, the trial court correctly ruled the claim arises from activity protected by section 425.16. Because the Limitless parties carried their first-step burden and Padilla presented no evidence to demonstrate that aspect of his cause of action had even minimal merit, those allegations were properly struck from the complaint.

Although Padilla's contention his defamation cause of action concerned only the oral dissemination of false statements before the filing of the cross-complaint cannot be squared with the complaint itself, it is equally flawed to simply disregard, as the Limitless parties argue and the trial court ruled, Padilla's allegations of false statements accusing him of a crime, made to unspecified "others" beginning in November 2019, without reference to impending litigation or other official proceedings— that is, his assertion of what essentially constitutes a claim for slander per se.[8] Those allegations, which supply a basis for relief that falls outside the ambit of section 425.16, are not properly subject to a special motion to strike.

To be sure, Padilla's allegations the defendants began making false charges concerning his unauthorized practice of law

---

[8] Civil Code section 46 defines six categories of slander, the first of which is a false and unprivileged statement that "[c]harges any person with crime, or having been indicted, convicted, or punished for crime." "A slander that falls within the first four subdivisions of Civil Code section 46 is slander per se and requires no proof of actual damages." (*Regalia v. The Nethercutt Collection* (2009) 172 Cal.App.4th 361, 367.)

16

and threats of violence weeks prior to the filing of the cross-complaint lack specificity. As such, his complaint may be subject to demurrer or a traditional motion to strike. (Cf. *Medical Marijuana, Inc. v. ProjectCBD.com* (2020) 46 Cal.App.5th 869, 893 ["[c]ase law requires that statements alleged to constitute libel must be specifically identified, if not pleaded verbatim, in the complaint [citations]; less specificity is required in the pleading of slander, given that slander may be charged by alleging the substance of the defamatory statement"; internal quotation marks and italics omitted]; *Gilbert v. Sykes* (2007) 147 Cal.App.4th 13, 32 [an allegation "of a 'provably false factual assertion' . . . is indispensable to any claim for defamation"].) But that type of challenge to the adequacy of a pleading is not the function of the first step of the anti-SLAPP analysis. And a successful demurrer or motion to strike, unlike a motion under section 425.16, would normally be accompanied by permission to file an amended pleading to correct the deficiencies identified.

We also are unpersuaded by the Limitless parties' extended quotation from Padilla's deposition, which they argue demonstrates the lack of merit to his claim defamatory statements were published to third parties prior to the filing of the cross-complaint. That may well be the basis for a successful motion for summary judgment. But the special motion to strike is framed by the pleading, and the moving party's first-step burden is to establish the allegations that provide a basis for relief arise from protected activity. Padilla's slander per se allegations do not. The trial court erred in granting the Limitless parties' motion to strike the entire cause of action.

### 3. *The Trial Court Erred in Dismissing Samiar*

In its order following the case management conference on September 3, 2020, after reciting that the Limitless parties' special motion to strike had been granted on August 5, 2020, the court stated: "Court reviews the declarations provided by Chad Padilla and William DeClercq, Esq. in regards to service to Defendant, Shabir Samiar. [¶] After hearing oral argument, the Court makes the following orders: [¶] The Court orders the Amended Complaint (1st) filed by Chad Padilla on 02/20/2020 dismissed with prejudice." The minute order contains no other findings, and the appellate record does not include a reporter's transcript or settled or agreed statement describing any oral ruling made at the conference.

Although the basis for the court's dismissal of the action as to Samiar was not expressly stated on September 3, 2020, when summarizing the history of the case as part of its ruling on Limitless and Wadhwania's motion for attorney fees on November 3, 2020, the court explained, "On September 3, 2020, the Court dismissed the entire action with prejudice for failure to serve the last remaining defendant, Samiar."

Padilla argues on appeal the dismissal of Samiar was improper. He relies on Naal's declaration and the attached proof of service on DeClercq (as defense counsel) on behalf of Samiar, as well as a second proof of service of summons, submitted to the trial court on August 6, 2020, purporting to show personal service by a registered process server on Samiar (or a person authorized to receive service of process) for him earlier that day at the office address of defense counsel.

In their respondents' brief the Limitless parties argue the trial court correctly ruled no one by the name of Shabir Samiar

18

had been validly served (and assert no such person ever worked at Limitless) and "properly exercised its discretion in dismissing 'Shabir Samiar' as an unserved defendant whose result would have been the same."

To the extent there was a conflict in the evidence whether DeClercq agreed to accept service on behalf of all named individual defendants, either through his direct contact with Padilla or by communicating with Naal through the law firm's receptionist, those issues of fact and credibility are the province of the trial court. As a reviewing court we do not reweigh the evidence or reconsider credibility determinations. (See *Katsura v. City of San Buenaventura* (2007) 155 Cal.App.4th 104, 107; *In re Marriage of Calcaterra & Badakhsh* (2005) 132 Cal.App.4th 28, 34.) Accordingly, on the limited record before us on this point, we have no basis for overturning the trial court's implied finding that Samiar was not properly served by Naal.

The renewed effort to serve Samiar, as reflected by the August 6, 2020 proof of service of summons signed by the registered process server, presents a somewhat different issue. The proof of service may well have created a rebuttable presumption that service had properly been made. (See Evid. Code, § 647; *Floveyor Internat., Ltd. v. Superior Court* (1997) 59 Cal.App.4th 789, 795 ["The filing of a proof of service creates a rebuttable presumption that the service was proper. However, the presumption arises only if the proof of service complies with the applicable statutory requirements"].) However, given the sparse discussion of the service issue in the court's minute orders and the absence of a reporter's transcript or agreed or settled statement, we cannot tell whether defense counsel presented information at the September 3, 2020 hearing that rebutted the

presumption (see *Fernandes v. Singh* (2017) 16 Cal.App.5th 932, 940 [presumption of Evidence Code section 647 may be rebutted by contrary evidence]) or the court for some reason did not actually consider this additional attempt to serve Samiar. As the appellant, the burden was on Padilla "to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609; see *Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132 ["[w]e reject defendants' claim, therefore, because they failed to provide this court with a record adequate to evaluate this contention"]; see also *Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 448 ["[t]he absence of a record concerning what actually occurred [in the trial court] precludes a determination that the trial court abused its discretion"].) Padilla failed to carry this burden.

That said, accepting that as of September 3, 2020 the individual defendant identified in Padilla's complaint as Shamir Samiar remained unserved, it was error for the trial court to dismiss the complaint as to him. Section 583.420, subdivision (a)(1), authorizes the trial court to dismiss an action if service has not been made within two years after the action was commenced. Padilla's lawsuit had not yet been pending for nine months when the court dismissed the action with prejudice.

As the Limitless parties argued in the trial court—an argument not repeated on appeal—rule 3.110(b) requires the complaint be served on all named defendants and proofs of service on those defendants filed with the court within 60 days after filing of the complaint. But, pursuant to rule 3.110(f), the court must issue an order to show cause before imposing

20

sanctions for a plaintiff's failure to serve the complaint as required. No order to show cause was issued in this case, let alone one that identified dismissal as a possible sanction. Padilla was entitled, not only under rule 3.110 but also a matter of due process, to proper notice before the court dismissed his claims against Samiar. (Cf. *Sole Energy Co. v. Hodges* (2005) 128 Cal.App.4th 199, 207-208.)[9] In addition, dismissal of the lawsuit as the initial sanction for failing to properly serve a defendant when the action has not yet been pending for two years, absent extraordinary circumstances, would constitute an abuse of discretion. (See generally *Lopez v. Watchtower Bible & Tract Society of New York, Inc.* (2016) 246 Cal.App.4th 566, 604-605 ["[a]lthough in extreme cases a court has the authority to order a terminating sanction as a first measure [citations], a terminating sanction should generally not be imposed until the court has attempted less severe alternatives and found them to be unsuccessful and/or the record clearly shows lesser sanctions would be ineffective"].) In sum, it was error to dismiss the action against Samiar even if he had not yet been properly served.

4. *The Trial Court Must Reevaluate the Attorney Fee Award*

Subject to certain exceptions not pertinent here, "a prevailing defendant on a special motion to strike shall be

_____

[9] Given our reversal of the judgment in favor of the Limitless parties, we need not address their problematic argument, made to the trial court and hinted at in their respondents' brief, that the erroneous dismissal of Samiar was harmless or somehow within the trial court's broad discretion to control the proceedings because the action against him would have been dismissed in any event if he had joined their section 425.16 special motion to strike.

entitled to recover his or her attorney's fees and costs."  (§ 425.16, subd. (c)(1).)  "[A] party need not succeed in striking every challenged claim to be considered a prevailing party within the meaning of section 425.16."  (*Mann v. Quality Old Time Service, Inc.* (2006) 139 Cal.App.4th 328, 339.)

Unless the results obtained are so insignificant as to provide no practical benefit, partial success by the moving party generally "reduces but does not eliminate the entitlement to attorney fees."  (*ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 1020 [defendants are entitled to recover attorney fees and costs incurred in moving to strike the claims on which they prevailed, but not fees and costs incurred in moving to strike the remaining claims]; accord, *Area 51 Productions, Inc. v. City of Alameda* (2018) 20 Cal.App.5th 581, 605.)  When counsel's work on successful and unsuccessful portions of the motion overlap, the trial court properly looks to the defendant's relative success in achieving his or her objective and may, in its discretion, reduce the amount of fees awarded for partial success.  (See, e.g., *Mann v. Quality Old Time Service, Inc.*, *supra*, 139 Cal.App.4th at pp. 344-345.)

Because the trial court erred in granting the Limitless parties' special motion to strike in its entirety, its award of attorney fees to Limitless and Wadhwania as the prevailing parties failed to consider whether the fees requested should be reduced for their limited success (that is, what fees should be awarded for their partial success).  A remand to allow the court to make that assessment is necessary.  Padilla can raise in the trial court his arguments presented on appeal concerning any necessary allocation of total fees incurred to DeClercq and DLG

and, if it remains material, the proper calculation of the fees to be awarded.

## DISPOSITION

The judgment and orders granting the special motion to strike in favor of the Limitless parties, dismissing Samiar and awarding Limitless and Wadhwania attorney fees are reversed. The cause is remanded with directions to enter a new order granting in part the Limitless parties' special motion to strike only to the extent it is based on protected litigation activity as indicated in this opinion and to reconsider the award of attorney fees to Limitless and Wadhwania in light of our decision. The parties are to bear their own costs on appeal.

PERLUSS, P. J.

We concur:

SEGAL, J.

FEUER, J.

23